1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DEREK TODD,

11               Plaintiff,                No. 2:12-cv-1768 JAM GGH PS

12         vs.

13    JUANITA SHOOPMAN,

14               Defendant.                FINDINGS AND RECOMMENDATIONS

15    _____/

16         Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma

17    pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to the undersigned by E.D.

18    Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Pursuant to 28 U.S.C. § 1915(e)(2), the

19    court is directed to dismiss the case at any time if it determines the allegation of poverty is

20    untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be

21    granted, or seeks monetary relief against an immune defendant.

22         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

23    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

24    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

25    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

26    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

      pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

1   Cir. 1989); Franklin, 745 F.2d at 1227.

2           To avoid dismissal for failure to state a claim, a complaint must contain more than

3   "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a

4   cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

5   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

6   statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

7   claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

8   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

9   draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129

10  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

11  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

12  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

13  Rhodes, 416 U.S. 232, 236 (1974).

14          Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

15  520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it

16  is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in

17  forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v.

18  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

19          Here, plaintiff alleges that defendant Juanita Shoopman, a licensed clinical social

20  worker and the Solano County Court mediator assigned to his custody case, improperly

21  recommended to a Solano County judge that plaintiff should have no visitation with his minor

22  son until he was under a doctor's care and mentally stable, apparently based on the son's

23  allegations of child abuse and the son's claims that plaintiff was mentally ill and refused to take

24  his medication.  According to plaintiff, defendant made this recommendation despite having no

25  supportive evidence that plaintiff's son's allegations were true.  Plaintiff alleges that he had no

26  prior convictions of child abuse or domestic violence and that all Child Protective Services

2

1  reports that were filed against him were unfounded.  Plaintiff further claims that a licensed

2  psychiatrist's note was previously provided to the court stating that plaintiff did not need

3  medication or supervised visitation with his son.  The state court judge subsequently adopted the

4  mediator's recommendations during a court hearing.  Plaintiff now brings this action against

5  defendant under 42 U.S.C. § 1983, contending that defendant's mediation report was

6  discriminatory and violated plaintiff's rights under the Equal Protection Clause of the Fourteenth

7  Amendment and the presumption of innocence until proven guilty, as well as the Americans with

8  Disabilities Act of 1990 ("ADA") (in particular, 42 U.S.C. § 12132).  Plaintiff also requests that

9  defendant be criminally prosecuted under 18 U.S.C. § 242.

10         In this case, the court need not reach the substance of plaintiff's claims, because it

11  is readily apparent that defendant is immune from liability.  It is well established that "[j]udges

12  are immune from damage actions for judicial acts taken within the jurisdiction of their

13  courts...Judicial immunity applies however erroneous the act may have been, and however

14  injurious in its consequences it may have proved to the plaintiff."  Ashelman v. Pope, 793 F.2d

15  1072, 1075 (9th Cir. 1986).  A judge can lose his or her immunity when acting in clear absence

16  of jurisdiction, but one must distinguish acts taken in error or acts that are performed in excess of

17  a judge's authority (which remain absolutely immune) from those acts taken in clear absence of

18  jurisdiction.  Mireles v. Waco, 502 U.S. 9, 12-13 (1991) ("If judicial immunity means anything,

19  it means that a judge will not be deprived of immunity because the action he took was in

20  error...or was in excess of his authority.")  Thus, for example, in a case where a judge actually

21  ordered the seizure of an individual by means of excessive force, an act clearly outside of his

22  legal authority, he remained immune because the order was given in his capacity as a judge and

23  not with the clear absence of jurisdiction.  Id.; see also Ashelman, 793 F.2d at 1075 ("A judge

24  lacks immunity where he acts in the clear absence of jurisdiction...or performs an act that is not

25  judicial in nature.")

26  \\\\\

3

1    "Judicial immunity is not limited to judges.  All those who perform judge-like

2    functions are immune from civil damages liability."  Ryan v. Bilby, 764 F.2d 1325, 1328 n.4 (9th

3    Cir. 1985); see also Wagshal v. Foster, 28 F.3d 1249, 1252-54 (D.C. Cir. 1994) (holding that

4    mediator for court's alternative dispute resolution program enjoyed absolute quasi-judicial

5    immunity to damages claims for actions taken within the scope of official duties); Putman v.

6    State Bar of California, 2010 WL 3070435, at *7 (C.D. Cal. June 25, 2010) (noting that absolute

7    quasi-judicial immunity is "properly extended to neutral third-parties for their conduct in

8    performing dispute resolution services which are connected to the judicial process and involve

9    either (1) the making of binding decisions, (2) the making of findings or recommendations to the

10   court or (3) the arbitration, mediation, conciliation, evaluation or other similar resolution of

11   pending disputes") (not reported in official reporter).

12       The Ninth Circuit has held that arbitrators acting within the scope of their

13   authority are immune from civil suit.  Sacks v. Dietrich, 663 F.3d 1065 (9th Cir. 2011).  In an

14   unpublished, but citable decision, the Ninth Circuit applied the arbitral immunity to mediators.

15   Davenport v. Winley, 314 Fed. Appx. 982 (9th Cir. 2009) (dismissing § 1983 claim against a

16   mediator based on immunity).  There is no meaningful distinction between a mediator and an

17   arbitrator for purposes of immunity.

18       The documents attached to plaintiff's complaint show that the family court judge

19   specifically ordered plaintiff's son to be interviewed by the mediator so that the mediator could

20   prepare a report making recommendations as to custody and visitation. (Dkt. No. 1 at 40, 85.)

21   Thus, defendant was clearly acting pursuant to court order, and her recommendations were

22   integrally connected with the judicial process and within the scope of her duties.[1]  As such, in

23

24   _____

     [1] Plaintiff's contention that defendant acted in clear absence of jurisdiction when she
     made determinations regarding his mental health in the context of the custody dispute is devoid
     of merit.  Although defendant is not a psychiatrist or psychologist, she was charged with a "duty

25   to assess the needs and interests of the child involved in the controversy," see Cal. Fam. Code §
     3180 and was certainly entitled to consider evidence regarding plaintiff's mental health (in this

26   case, his son's statements) when making recommendations pursuant to the state court judge's

1  making her findings and issuing recommendations in a neutral capacity, defendant was

2  performing functions comparable to those of a judge.  Moreover, the emotional nature of a child

3  custody dispute is certainly likely to inspire a parent-litigant who is dissatisfied with a mediator's

4  recommendation to harass the mediator in a second forum.  See Butz, 438 U.S. at 512 ("The

5  loser in one forum will frequently seek another, charging the participants in the first with

6  unconstitutional animus.").  Finally, plaintiff was free to seek relief from defendant's alleged

7  unconstitutional conduct with the presiding state court judge or on appeal.  The state judicial

8  process thus contained adequate safeguards to provide plaintiff with any relief warranted.

9           Therefore, based on an evaluation of the prerequisite factors outlined by the

10  United States Supreme Court for application of absolute quasi-judicial immunity and the above-

11  cited case law extending such immunity to mediators, the court finds that defendant is absolutely

12  immune from liability for the civil damages claims asserted by plaintiff.[2]  Additionally, with

13  respect to plaintiff's request that criminal proceedings be instituted against defendant, plaintiff

14  has no standing to prosecute a criminal action.

15           Finally, plaintiff's complaint names Crystal Archer, his son's mother, as a real

16  party in interest.  To the extent plaintiff attempts to assert a claim under 42 U.S.C. § 1983 against

17  Archer, that claim should also be dismissed, because plaintiff cannot plausibly allege that Archer

18  is a state actor.  Ball v. Rodgers, 492 F.3d 1094, 1103 (9th Cir. 2007); Long v. County of Los

19  Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state a claim under § 1983, a plaintiff must

20  allege two essential elements: (1) that a right secured by the Constitution or laws of the United

21

22  order.  Even assuming that defendant somehow erred in her assessment and consideration of the
    evidence, a subject on which this court expresses no opinion, she was not acting outside the
23  scope of her duties so as to deprive her of immunity.

24       [2] Plaintiff's complaint does not request any prospective injunctive relief against
    defendant.  However, even assuming that injunctive relief were requested and could theoretically
25  be appropriately granted, it does not appear feasible here because defendant as a mediator would
    lack the power to unilaterally alter the status quo concerning plaintiff's custody and visitation
26  rights.

States was violated, and (2) that the alleged violation was committed by a *person acting under the color of State law*.") (emphasis added).  Furthermore, an ADA claim under 42 U.S.C. § 12132, which relates to public entity disability discrimination, is not viable against Ms. Archer.

Although the court would ordinarily grant a pro se plaintiff leave to amend, it does not appear that the above-mentioned defects can be cured by more detailed factual allegations or revision of plaintiff's claims.  Accordingly, leave to amend would be futile and the action should be dismissed with prejudice.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Moreover, in addition to plaintiff's frivolous claims in this case, the court has taken judicial notice of the numerous already-dismissed actions plaintiff previously filed in this court against judges and social workers involved with his child custody cases and/or family law matters.  See e.g. 2:11-cv-2346-LKK-DAD (involving state court judge); 2:11-cv-2598-GEB-JFM (involving state court judge); 2:12-cv-470-JAM-GGH (involving social worker); 2:12-cv-1379-MCE-GGH (involving state court judge).  Several other cases remain pending for resolution.  Based on the orders and/or findings and recommendations issued in these cases, it appears that plaintiff is well aware of the legal principles of immunity, but is nonetheless attempting to use the federal courts for the nefarious purpose of harassing the state court decision makers and others involved in his child custody cases and/or family law matters.  Accordingly, the undersigned finds that the instant action is not only frivolous but also brought in bad faith, and that plaintiff's request to proceed in forma pauperis should therefore be denied.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request proceed in forma pauperis (dkt. no. 2) be DENIED based on a finding that the action is frivolous and brought in bad faith;

2. The action be DISMISSED WITH PREJUDICE; and

3. The case be closed.

\\\\\

6

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 14, 2012

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Todd.1768.ifp-fr.wpd